AO 91 (Rev. 11/11)  Criminal Complaint

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 23 2018
ARTHUR JOHNSTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Mississippi

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 1:18mj 15-JCG |
| Saul Guzman and | ) | |
| Angel Valdez Deras | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 2018 _____ in the county of _____ Harrison _____ in the _____ Southern _____ District of _____ MS, Southern Division _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance, to wit, cocaine, a schedule II controlled substance. |

This criminal complaint is based on these facts:

See affidavit attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Keith Chappell, Special Agent
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 02/23/2018 _____

_____
*Judge's signature*

City and state: _____ Gulfport, MS _____        John C. Gargiulo, U.S. Magistrate Judge
_____
*Printed name and title*

## **AFFIDAVIT**

I, Keith Chappell, being first duly sworn, state as follows:

## **Introduction**

I am a Special Agent (SA) with the United States Department of Justice, Drug Enforcement Administration (DEA). I have been employed with the DEA since March of 2006. I am currently assigned to the Gulfport Resident Office located in Gulfport, MS. During the course of my employment, I have participated in numerous investigations of illegal narcotics trafficking and violations of Title 21 United States Code.

## **Probable Cause Factual Basis**

In January 2018, DEA agents received information from a confidential source (CS1) that Saul GUZMAN resided near New Orleans, LA and was seeking a source for cocaine hydrochloride. On January 16, 2018, DEA agents debriefed another confidential source (CS2) in reference to Saul GUZMAN. CS2 stated that GUZMAN was interested in purchasing approximately 10-20 kilograms of cocaine hydrochloride.

On January 24, 2018, CS2 met GUZMAN at the Island View Casino in Gulfport, MS. During the meeting, CS2 and an undercover agent showed GUZMAN one (1) kilogram of cocaine hydrochloride. GUZMAN inspected the cocaine and stated that he was satisfied with the quality and wanted to purchase approximately twenty (20) kilograms of cocaine hydrochloride from CS2 for $21,000 per kilogram.

On January 31, 2018, CS2 met with GUZMAN at the Hooter's restaurant in Gulfport, MS. During the meeting, GUZMAN stated that he was uncomfortable traveling from Louisiana with $100,000.00 or more in United States Currency. GUZMAN offered to give CS2 a combination of United States Currency and cashier's checks to cover the agreed upon amount. CS2 gave GUZMAN an undercover name as a payee on the check.

On February 2, 2018, CS2 met with GUZMAN and acquired a check from Wells Fargo Bank in the amount of $50,000. The check was made payable to Angel DERAS. On February 6, 2018, CS2 met with GUZMAN and Angel VALDEZ DERAS at the Wells Fargo Bank in Gulfport, MS. GUZMAN and DERAS arrived in separate vehicles. GUZMAN drove a silver Toyota FJ Cruiser and DERAS drove a grey Nissan pickup truck. During the meeting, DERAS and GUZMAN gave $55,000 in United States Currency to CS2 in partial payment for five (5) kilograms of cocaine hydrochloride. CS2 gave the $50,000 check to DERAS. DERAS attempted to cash the check at the Wells Fargo bank, but the bank refused to cash it. DERAS retained the check and departed in his vehicle.

On February 9, 2018, GUZMAN agreed to meet CS2 in Gulfport, MS to pay the remaining $50,000 owed on the agreed upon five (5) kilograms of cocaine hydrochloride. Agents conducted surveillance on GUZMAN in Louisiana prior to the meeting. A

Hancock county sheriff's deputy stopped GUZMAN on I-10 for careless driving and a cracked windshield prior to the meeting with CS2. During the stop GUZMAN consented to a search of his vehicle. The search revealed $40,000.00 in United States Currency hidden under the rear passenger seat. During traffic stop, agents witnessed Angel VALDEZ DERAS driving the same Nissan pickup truck pass GUZMAN and the Hancock county unit on I-10. During a subsequent interview of GUZMAN he stated that he was traveling from his residence in Terry town, Louisiana to Pascagoula, MS, to meet with his friend "Juan" in an attempt to find employment. GUZMAN stated that he was currently unemployed. GUZMAN could not provide agents with an address for where he was traveling to in Pascagoula. GUZMAN also denied ownership and knowledge of the bulk currency found inside the vehicle. GUZMAN stated the FJ Cruiser belonged to his wife, Fabiola VALDEZ.

Subsequent calls with CS2 and GUZMAN reveal that GUZMAN was traveling with VALDEZ DERAS on February 9, 2018. GUZMAN stated that VALDEZ DERAS was in possession of $10,000 at the time of the above referenced traffic stop and that the $10,000 was to be given to CS2 for payment of the 5 kilograms of cocaine hydrochloride. GUZMAN was given wire transfer information by CS2 to conduct a currency transaction for the remaining balance of $10,000. GUZMAN stated that he would transfer $9000 to the account. On February 17, 2018, SA Keith Chappell received information that the wire transfer for $9000 had been completed. SA Roberto Murillo received a text message which contained a photo of the deposit slip GUZMAN received from the bank after the deposit was made. GUZMAN is expecting the cocaine hydrochloride to be delivered by an associate of CS2 to an unspecified location in the Carolinas. Agents have determined that GUZMAN is a Mexican Citizen and is in the country on a Visa which expires in April 2018. DEA indices indicate that VALDEZ DERAS has a previous criminal history related to methamphetamine possession.

## CONCLUSION

Based upon my experience as a DEA Special Agent and the facts listed above involving Saul GUZMAN and Angel VALDEZ DERAS, it is my opinion that there is probable cause to believe that Saul GUZMAN and Angel VALDEZ DERAS committed violations of Title 21 United States Code, Section 846 in the Southern District of Mississippi, to wit: conspiracy to possession with intent to distribute cocaine.

_____
Keith Chappell
Special Agent, DEA

Sworn and subscribed to me this ___23___ day of ___FEB___, 2018.

_____
UNITED STATES MAGISTRATE JUDGE